UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| PAUL ZIS | CASE NO.  6:23-CV-00133 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| USAA GENERAL INDEMNITY CO., CHASE DICKINSON, AND STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. | MAGISTRATE JUDGE DAVID J. AYO |

**REPORT AND RECOMMENDATION**

Before the undersigned is a "Motion to Dismiss Claims for Punitive Damages" (Rec. Doc. 8) filed by Defendant USAA General Indemnity Company.  Plaintiff Paul Zis opposes the motion. (Rec. Doc. 15).  The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636.  For the reasons set forth below, it is recommended that USAA's motion be DENIED.

**I.  Factual Background**

Zis alleges that, on March 4, 2022, he was driving in the westbound outside lane of East Willow Street in Lafayette, Louisiana when Defendant Chase Dickinson, who was traveling in the eastbound inside lane of Willow Street, suddenly made a left turn onto East Evergreen Street and struck Zis' vehicle head-on.  (Rec. Doc. 1 at ¶¶III, IV).  The complaint alleges that Dickinson was at fault in the accident and that Dickinson was not in the course and scope of his employment at the time of the accident.  (*Id*. at ¶¶V, VI).  USAA is alleged to be Dickinson's liability insurer, and Defendant State Farm Mutual Automobile Insurance Company is alleged to have provided Zis with uninsured/underinsured motorist coverage.  (*Id*. at ¶¶VII, VIII).  The complaint seeks the customary damages arising out of an automobile accident and contains the following additional allegation:

> The injuries and damages suffered by Petitioner were further caused by the wanton and reckless disregard for the rights and safety of others by Defendant, CHASE DICKINSON, who was in a state of intoxication when the afore-described collision occurred, such intoxication being a cause-in-fact of the injuries and damages suffered by Petitioner and, therefore Petitioner asserts a claim pursuant to Article 2315.4 of the Louisiana Civil Code for recovery of exemplary damages.

(*Id*. at ¶X).

USAA seeks dismissal of Zis' claim for punitive damages, contending that the allegation quoted above is the only mention of Dickinson's alleged intoxication and that such allegation is a conclusory statement not sufficiently supported by facts. (Memorandum at 3, Rec. Doc. 8-1). Zis counters that a plain reading of Paragraph X shows that he has sufficiently alleged that Dickinson was intoxicated when Dickinson caused the crash. (Opposition at 3, Rec. Doc. 15). USAA did not file a reply memorandum.

## II.  Legal Standard

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted."

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer probability that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court may not accept legal conclusions as true, and only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 678-79, 129 S. Ct. 1937. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id*.

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007). A court may also consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

### III. Analysis

USAA's motion challenges the sufficiency of Zis' allegation regarding Dickinson's alleged intoxication and does not contest Zis' entitlement to such damages under Louisiana law in the event a tortfeasor was in fact intoxicated. Much of the jurisprudence analyzing claims for punitive damages pertains to issues such as a plaintiff's right to pursue punitive damages as a matter of law or whether the substance causing the alleged intoxication was covered by Article 2315.4. *See generally Comeaux v. Atos Origin IT Servs., Inc.*, 2018 WL 6331810 at *4 (E.D. La.) (granting motion to dismiss Jones Act seaman's claim for punitive damages because not entitled to such damages as a matter of law); *Courville v. Nat'l Freight, Inc.*, 2012 WL 12986492 at *2 (E.D. La.) (denying motion to dismiss claim under Article 2315.4 because term "intoxication" was broad enough to include prescription insulin use).

USAA's motion does not assert that Paragraph X does not give it notice of Zis' claim for punitive damages nor does it mention in what way Paragraph X is somehow vague or confusing, although USAA ostensibly suggests that Zis should have alleged additional facts. For his part, Zis responded by posing questions about factual details from the accident report justifying the inclusion of Paragraph X. (Opposition at 3). The Court will not consider such assertions in passing on the instant motion and does not construe Zis' inclusion of such information in his opposition as an attempt to enlarge his pleading. Rather, the Court interprets the inclusion of such information as counsel's justification for the inclusion of Paragraph X in the first place.

The Court interprets USAA's argument to mean that a claim seeking punitive damages based on intoxication La. C.C. art. 2315.4 must be plead with particularity. Rule 9(g) requires that "[i]f an item of special damages is claimed, it must be specifically stated." However, while the Fifth Circuit has not expressly decided the issue, the Eastern District of Louisiana has held on

multiple occasions that punitive damages are not special damages. *S. Transp. Co. v. Builders Transp., Inc.*, 1993 WL 232058 at *4 (E.D. La.) ("Punitive damages are simply not special damages, and need not be stated specifically under Rule 9(g)."); *St. Pierre v. Maingot*, 2002 WL 31655355 at *2 (E.D. La.); *Downs v. Nat'l R.R. Passenger Corp.*, 2005 WL 8174018 (E.D. La.) (citing *S. Pac. Transp.*). Therefore, a claim for punitive damages is subject to the pleading requirements of Rule 8(a) and not Rule 9(g).

The Court finds that Paragraph X provides sufficient notice to USAA of Zis' intent to seek punitive damages. In *Blewster v. Garvey*, 2020 WL 12740544 (E.D. La.), Magistrate Judge Roby in the Eastern District of Louisiana addressed the sufficiency of an allegation seeking punitive damages under La. C.C. art. 2315.4. In that case, the plaintiff sought to amend his complaint to seek punitive damages. In passing on whether good cause existed to allow amendment, the court explored whether the original complaint contained sufficient facts to establish a claim for punitive damages. Noting that the sufficiency of allegations to support a claim for punitive damages under La. C.C. art. 2315.4 presented an issue of first impression, the court articulated the following standard:

> While this Court is of the opinion that, when plaintiff seeks punitive damages pursuant to Louisiana law, the plaintiff need not identify the Civil Code article by title and name explicitly in in its complaint, plaintiff's complaint must allege enough facts to implicate the specific set of circumstances in which exemplary damages are authorized under Louisiana law in order to provide sufficient notice of its intent to seek punitive damages pursuant to Federal Rule of Civil Procedure 8(a).
> ***
> In order to implicate this statute then its necessary elements must be pled: (1) plaintiff's injuries were cause[d] by defendant's wanton and reckless disregard for the rights and safety of others and (2) defendant was intoxicated while operating a motor vehicle which caused the complained-of injuries.

2020 WL 12740544 at *6. This Court agrees with the standard articulated above.

Here, Paragraph X provides sufficient notice to USAA. It expressly identifies La. C.C. art. 2315.4, alleges that Zis' damages were caused by Dickinson's "wanton and reckless disregard for the rights and safety of others," and alleges that Dickinson's alleged intoxication was a cause-in-fact of Zis' injuries. Paragraph IV details the circumstances of the accident, specifically, that Dickinson made an abrupt left turn across Zis' lane of travel and struck Zis' vehicle head-on. Such pleading satisfies Rule 8(a). Since Zis was not required to plead his claim to punitive damages with particularity, there was no need for him to plead facts such as Dickinson's blood alcohol content, whether Dickinson failed or submitted to a field sobriety test, or whether Dickinson was cited for driving while intoxicated. USAA has the same access as Zis to the accident report and all other evidence and, besides, Zis' counsel—as is the case for all counsel—is subject to Rule 11. *See* Fed. R. Civ. P. 11(b)(3) (stating that an attorney presenting a pleading certifies that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . . ."). If the evidence produced in discovery turns out not to rise to the level required to support a claim for punitive damages, USAA can seek dismissal via summary judgment. At this stage of the litigation, dismissal would not be appropriate.

### IV. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the Motion to Dismiss filed by USAA General Indemnity Company should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), superseded by statute on other grounds, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers, Lafayette, Louisiana on this 20th day of March, 2023.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**